TRACY L. WILKISON
United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
SOLOMON KIM (Cal. Bar No. 311466)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2450
    Facsimile: (213) 894-0104
    E-mail:    solomon.kim@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ROBERT RUNDO,<br>ROBERT BOMAN,<br>AARON EASON, and<br>TYLER LAUBE,<br><br>       Defendants. | No. CR 18-759-CJC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT T-MAX DATE:**<br>April 19, 2022<br><br>**PROPOSED TRIAL DATE:**<br>December 13, 2022 |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Solomon Kim, and defendant TYLER LAUBE ("LAUBE"), both individually and by and through his counsel of record, Jerome Haig, and defendant AARON EASON ("EASON"), both individually and by and through his counsel of record, John McNicholas, (collectively "defendants") hereby stipulate as follows:

1.    The Indictment in this case was filed on November 1, 2018. Defendant Robert Rundo first appeared before a judicial officer of the court in which the charges in this case were pending on October 22, 2018.  Defendant Robert Boman first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018.  Defendant LAUBE first appeared before a judicial officer of the court in which the charges in this case were pending on October 24, 2018.  Defendant EASON first appeared before a judicial officer of the court in which the charges in this case were pending on October 29, 2018.

2.    In April 2019, defendants Rundo, Boman, and EASON moved to dismiss the Indictment.  In June 2019, defendant LAUBE likewise moved to dismiss the Indictment.  The Court subsequently granted both motions and dismissed the Indictment.

3.    The government timely appealed the Court's dismissal order, and, on March 4, 2021, the Ninth Circuit reversed the Court's order and remanded for further proceedings.  The mandate issued on February 8, 2022.  The Court held a status conference on March 3, 2022, where it ordered the parties to file a stipulation to continue the trial and a proposed case management order.

4.    Defendants LAUBE and EASON are currently released, having had their bonds exonerated previously following the Court's dismissal of the indictment.  Since the Ninth Circuit's reversal, defense counsel for Rundo and Boman have been unable to reach and communicate with their respective clients.  The parties estimate that the trial in this matter will last approximately four weeks.  All defendants are joined for trial and a severance has not been granted.

5.   The Speedy Trial Act, 18 U.S.C. § 3161(e), requires that the retrial commence on or before April 19, 2022.  See 18 U.S.C. § 3161(e); United States v. Lloyd, 125 F.3d 1263, 1265 (9th Cir. 1997).

6.   By this stipulation, defendants move to continue the trial date to December 13, 2022 and the pretrial conference to December 5, 2022, and to set a motion schedule as follows: motions to be filed by August 1, 2022; oppositions to be filed by August 15, 2022; replies to be filed by August 22, 2022; and any motions hearing on September 26, 2022.  This is the first request for a continuance since the Ninth Circuit's mandate.

7.   Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendants are charged with violations of 18 U.S.C. §§ 371 (Conspiracy) and 2101 (Riots).  The government has made available to the defense approximately 44,000 pages of discovery.

b.   Defense counsel for defendant LAUBE is presently scheduled to be in the following trials: (1) United States v. Vlha, No. CR 19-343-GW, a gun distribution trial set for May 24, 2022 and expected to last one week; (2) United States v. Lerma, No. CR 20-226-JAK, a drug possession with intent to distribute trial set for July 26, 2022 and expected to last three days; (3) United States v. Givens, No. CR 20-75-JAK, a multi-defendant wire fraud trial set for July 26, 2022 and expected to last two weeks; (4) United States v. Vuong, No. CR 19-275-ODW, a multi-defendant international drug conspiracy trial set for August 2, 2022 and expected to last two weeks; and (5) People v. Romo, No. BA475969, a multi-defendant murder and conspiracy trial set for October 4, 2022 and expected to last two

months.  Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on or before April 19, 2022.

        c.    Defense counsel for defendant EASON is presently scheduled to be in the following trials: (1) United States v. Cruz, No. CR 19-462-SVW, a twelve defendant crack cocaine conspiracy trial set for June 7, 2022 and expected to last fourteen days; (2) United States v. Taylor, No. CR 20-00075-JAK, a seven defendant wire fraud, aggravated identity theft trial set for July 26, 2022 and expected to last 12 days; (3) United States v. Shetty, No. CR 19-00527-ODW, a seven defendant, physician Medicare fraud trial set for September 6, 2022 and expected to last 18 days; (4) United States v. Espinoza, No. CR 19-00055-MWF, a RICO, drug conspiracy trial involving Vineland Boys gang set for October 18, 2022 and expected to last three weeks; (5) United States v. Armstrong, No. CR 19-195-ODW, a five defendant pharmacy fraud trial set for November 15, 2022 and expected to last nine days; (6) United States v. Dong, No. CR 19-00027-PSG, a three defendant birth tourism case involving Chinese mothers set for February 23, 2023 and expected to last 20 days; and (7) United States v. Martinez, No. CR 19-117(A)-ODW, a multi-defendant capital case set for March 28, 2023 and expected to last for several months. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on or before April 19, 2022.

        d.    In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for

potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e.   Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

f.   The government does not object to the continuance.

g.   The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

8.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the date of the Court issues the corresponding order to December 13, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would

1 | deny defense counsel the reasonable time necessary for effective
2 | preparation, taking into account the exercise of due diligence.

3 |      9.   Defense counsel for defendants Rundo and Boman have been
4 | unable to reach and communicate with their respective clients.
5 | Nonetheless, the stipulating parties agree that, pursuant to 18
6 | U.S.C. § 3161(h)(6), the time period from the date of the Court
7 | issues the corresponding order to December 13, 2022 constitutes a
8 | reasonable period of delay for defendants Rundo and Boman, who are
9 | joined for trial with codefendants LAUBE and EASON as to whom the
10 | time for trial has not run and no motion for severance has been
11 | granted.

12 |      10.  Nothing in this stipulation shall preclude a finding that
13 | other provisions of the Speedy Trial Act dictate that additional time
14 | periods be excluded from the period within which trial must commence.
15 | Moreover, the same provisions and/or other provisions of the Speedy
16 | Trial Act may in the future authorize the exclusion of additional
17 | time periods from the period within which trial must commence.

18 |      IT IS SO STIPULATED.

19 | Dated: March 17, 2022        Respectfully submitted,

TRACY L. WILKISON
United States Attorney

CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, Criminal Division


            /s/
      SOLOMON KIM
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

1    I am AARON EASON's attorney.  I have carefully discussed every

2  part of this stipulation and the continuance of the trial date with

3  my client. I have fully informed my client of his Speedy Trial

4  rights.  To my knowledge, my client understands those rights and

5  agrees to waive them.  I believe that my client's decision to give up

6  the right to be brought to trial earlier than December 13, 2022 is an

7  informed and voluntary one.

8

9  JOHN MCNICHOLAS                                    Date
   Attorney for Defendant
10 AARON EASON

11

12    I have read this stipulation and have carefully discussed it

13 with my attorney.  I understand my Speedy Trial rights.  I

14 voluntarily agree to the continuance of the trial date, and give up

15 my right to be brought to trial earlier than December 13, 2022.

16

17 AARON EASON                                        Date
   Defendant

18

19

20

21

22

23

24

25

26

27

28

                                    8

I am TYLER LAUBE's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than December 13, 2022 is an informed and voluntary one.

_____          March 15, 2022
JEROME P. HAIG                           Date
Attorney for Defendant
TYLER LAUBE

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than December 13, 2022.

_____          Mar 15, 2022
Tyler Laube (Mar 15, 2022 11:13 PDT)     Date
TYLER LAUBE
Defendant